398 F.2d 832
 William A. BROWN, Joseph H. Ferrill, Margaret Ferrill, Frank H. Abbott, Dorothy Abbott, Grady C. Dixon, Joyce S. Dixon, Alfred C. Brandon, Jr. and Louise M. Brandon, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 18013.
 United States Court of Appeals Sixth Circuit.
 July 29, 1968.
 
 R. Monroe Schwartz, Atlanta, Ga., for petitioners.
 Stuart A. Smith, Atty., Dept. of Justice, Washington, D. C., for respondent; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, Attys., Dept. of Justice, Washington, D. C., on brief.
 Before O'SULLIVAN, PHILLIPS and PECK, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case involves deficiencies in income taxes determined against the taxpayers for the years 1960 and 1961.
 
 
 2
 The taxpayers, airline pilots of Southern Airways, Inc., went on strike in June 1960 and during 1960 and 1961 received strike benefit payments from their union, Air Line Pilots Association. The Commissioner determined that the amounts of strike benefits received by the taxpayers were includable in gross income.
 
 
 3
 In an opinion published at 47 T.C. 399, the Tax Court held that the strike payments constitute gross income within the meaning of the Sixteenth Amendment and Section 61(a) of the Internal Revenue Code and are not excludable from gross income as gifts under Section 102 (a) of the Code. The Tax Court found that the strike benefits were paid pursuant to an established formula, based upon each pilot's airline income for the preceding year, and were paid from assessments made by the association against member pilots who were not engaged in any work stoppage. A minimum requirement for the receipt of benefits was that the recipient refrain from flying the planes of the airline. The Tax Court further found that payment of benefits was not conditioned upon the needs of the pilot.
 
 
 4
 We hold that the findings of fact of the Tax Court are not clearly erroneous but to the contrary are supported by substantial evidence.
 
 
 5
 The decision of the Tax Court is affirmed for the reasons set forth in the reported opinion of that Court.